## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SCOTT WALTON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 3:15-cv-3061** |
| **VS.** | § | |
| | § | |
| **UNION SECURITY INSURANCE** | § | **JURY** |
| **COMPANY** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT

1.      Scott Walton ("Plaintiff") files this his Complaint against Union Security Insurance Company

("Defendant").

### I.
### Parties

2.       Plaintiff is an individual who is a citizen of the State of Texas.

3.      Defendant is an insurance company which is licensed to do business in Texas, and is a citizen

of Iowa where it is incorporated and Missouri where it has its principal place of business.

### II.
### Jurisdiction of Claims and Venue

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in

controversy exceeds the sum of $75,000 exclusive of interest and costs, and is an action between

citizens of different states.

5.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2), as substantial parts of the

events giving rise to the claim occurred in this District.

### III.
### Factual Background

6.      Plaintiff purchased a short term disability ("STD") and a long term disability ("LTD") policy ("Policies") from Defendant.

7.       Plaintiff became disabled on September 2, 2013.

8.      The Policies provide that Defendant will pay STD and LTD benefits to Plaintiff if Plaintiff is disabled in accordance with the terms of the Policies.

9.      Plaintiff is disabled as defined in the Policies.

10.      Defendant has failed to pay STD and LTD benefits in accordance with the terms of the Policies.

11.      Defendant ratified and approved the actions of its agents, employees and representatives.

### IV. Causes of Action

#### First Cause of Action: Breach of Contract

12.      Despite the fact that all conditions precedents to the payment of benefits have been met, Defendant has failed and refused to pay benefits in accordance with the terms of the Policies

13.      Plaintiff is entitled to the past due benefits for the period from September 2, 2013 until judgment and to be reinstated on the LTD Policy for future payments in accordance with the terms of the LTD Policy.

#### Second Cause of Action: Breach of the Duty of Good Faith and Fair Dealing

14.      A special relationship existed between Plaintiff and Defendant.

15.      Defendant breached the duty of good faith and fair dealing by failing to pay past due benefits.

16.     Defendant's conduct was committed with malice.

17.      Plaintiff is entitled to the past due benefits, damages for mental anguish and punitive damages.

Third Cause of Action: Violations of the Texas Insurance Code

18.     In violation of Chapter 541 of the Texas Insurance Code, Defendant knowingly and intentionally engaged in unfair methods of competition, and unfair and deceptive acts or practices in the business of insurance.

19.     Defendant's conduct includes but is not limited to:

1.     Misrepresenting to Plaintiff a material fact or Policies provision relating to coverage at issue;

2.      Failing to attempt in good faith to effectuate a prompt, fair, equitable settlement of a claim with respect to which Defendant's liability had become reasonably clear; and/or

3.      Failing to provide promptly to a Policyholder a reasonable explanation of the basis in the Policies, in relation to the facts and applicable law, for Defendant's denial of Plaintiff's claim or to offer a compromise settlement of the claim.

20.     Further, in violation of § 541.061 of the Texas Insurance Code, Defendant has engaged in unfair methods of competition, or unfair or deceptive acts or practices in the business of insurance to misrepresent the Policies by:

1.     Making an untrue statement of material facts;

2.     Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

3.    Making a statement in a manner that would mislead a reasonable prudent person to

a false conclusion of a material fact; and/or

4.    Making a material misstatement of the law.

21.    Plaintiff made a claim for continued benefits under the Policies which

constitutes "notice of claim" under Section 542.051 (4), Texas Insurance Code.

22.    Defendant did not, within 15 days from Defendant's receipt of Plaintiff's claim, pursuant to

Section 542.055, Texas Insurance Code, acknowledge receipt of Plaintiff's claim, and/or request

from Plaintiff all items, statements and forms that Defendant reasonably believed, at that time, would

be required.

23.    Defendant also did not, no later than the 15th business day on which Defendant received all

items, statements, and forms required by Defendant in order to secure final proof of loss pursuant

to Section 542.056, Texas Insurance Code, accept or reject Plaintiff's claim in writing.

24.    Defendant did not, pursuant to Section 542.056, Texas Insurance Code, advise Plaintiff that

Defendant was unable to accept or reject Plaintiff's claim within the period specified by this section

nor notify Plaintiff as to its reasons.

25.    Plaintiff would show that more than 60 days have passed since Defendant received all

required and requested documents.

26.    Relief sought under the Texas Insurance Code:

1.    Plaintiff seeks the amount of his actual damages.

2.    Defendant's conduct was committed knowingly and Plaintiff seeks an amount not

to exceed three times the amount of actual damages; and

3.    Plaintiff seeks his court costs and reasonable and necessary attorney's fees.

4        Plaintiff has been forced to engage the services of the undersigned attorney for the

prosecution and collection of Plaintiff's claim. Therefore, pursuant to Section

542.060, Texas Insurance Code, Defendant is liable for the amount of Plaintiff's

claim, injuries, damages, 18 percent per annum of the amount of such claim as

damages, and reasonable attorney fees.

Fourth Cause of Action: Violations of the
Texas Deceptive Trade Practice - Consumer Protection Act

27.     In violation of the Texas Deceptive Trade Practice - Consumer Protection Act, Defendant

engaged in false, misleading or deceptive acts or practices in the conduct of the insurance business.

Defendant has knowingly and intentionally engaged in such conduct including but not limited to the

following:

1.        Representing that goods or services have characteristics or benefits which they do not

have;

2.        Representing that an agreement confers or involves rights, remedies or obligations

which it does not have or involve; and/or

3.        Representing that goods and services are of a particular standard, quality or grade if

they are of another.

28.     Plaintiff to his detriment, reasonably relied upon the statements and representations of

Defendant in deciding to accept the Policies as well as reasonably relying upon Defendant to

properly and timely handle his claim.

29.     The actions and course of action of Defendant have been unconscionable.

30.     Relief Sought under the Texas Deceptive Trade Practice-Consumer Protection Act:

**COMPLAINT**

1.     The conduct of Defendant was committed knowingly, therefore Plaintiff is entitled to recover for mental anguish and not more than three time the amount of economic damages;

2.     The conduct of Defendant was committed intentionally, therefore Plaintiff may recover mental anguish and not more than three times the amount of damages for mental anguish and economic damages; and

3.     Plaintiff seeks an award of court costs, and reasonable and necessary attorney's fees.

<u>Fifth Cause of Action: Attorney Fees</u>

31.     As a result of the conduct of Defendant as described above, Plaintiff has been forced to retain legal counsel. Plaintiff seeks to recover his reasonable and necessary attorney's fees in accordance with C.P.R.C. § 38.001, the Texas Deceptive Trade Practices Act - Consumer Protection Act and the Texas Insurance Code.

**V. Relief Sought**

32.     Plaintiff requests that Defendant be cited to appear and answer and that this case be tried before the Court and jury after which Plaintiff recover:

1.     Judgment against Defendant for Plaintiff's damages as set forth above;

2.     Prejudgment interest at the maximum rate allowed by law;

3.     Post-judgment interest at the maximum rate allowed by law;

4.     Cost of suit; and

5.     Such other and further relief to which Plaintiff may be justly entitled.

**Demand for Jury**

33.      Plaintiff demands a trial by jury of all issues.

Respectfully submitted,


/s/Bernard A. Guerrini
Bernard A. Guerrini
State Bar No. 08581700
BERNARD A. GUERRINI, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Phone: (214) 692-6556
Fax: (214) 962-6578
guerrinipc@erisaltd.com

ATTORNEY FOR PLAINTIFF